**XIU YING LIU, Xing Hui Liu, Shan Liu, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–1092–ag.

United States Court of Appeals, Second Circuit.

Aug. 7, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney, Middle District of Pennsylvania, Stephen R. Cerutti II, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Xiu Ying Liu ("Liu") (A95–870–278) and her children, Xing Hui Liu and Shan Liu (A95–870–279, A95–870–280) through counsel, petition for review of the Board of Immigration Appeals' (BIA) decision denying their "motion to reopen," following the BIA's summary affirmance of the decision of the IJ (Jeffrey S. Chase) denying Liu's application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Liu's "motion to reopen." Because Liu's motion failed to meet the evidentiary requirements for a motion to reopen under 8 C.F.R. § 1003.2(c)(1), the BIA reasonably construed the motion as a motion to reconsider and denied it as untimely. Liu's motion, which challenged the BIA's October 14, 2004 decision, was filed on January 3, 2005, well beyond the 30–day filing deadline under the regulations. *See* 8 C.F.R. § 1003.2(b)(2). Further, the BIA reasonably found that even if Liu's motion were considered to be a motion to reopen, it would be denied pursuant to 8 C.F.R. § 1003.2(c)(1), because it failed "to state any new facts that are material and that [would] be proven at a hearing to be held if the motion [were] granted[,] and [it was] . . . unaccompanied by any evidence that was unavailable and could not have been discovered or presented during pro-

ceedings before the Immigration Judge." Liu's motion presented no new evidence but merely reiterated her claims that she had been forcibly sterilized in China and that the IJ's credibility finding was erroneous.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Liu's pending motion for a stay of removal in this petition is DENIED as moot.